Filed 4/1/14  P. v. Prout CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C073739 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12116) |
| v. | |
| NATHAN WILLIAM PROUT, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Between December 20 and 29, 2011, defendant Nathan William Prout entered the victim's recreational vehicle through a window and took a toolbox, a tub, a propane tank, and an auxiliary tank.  When defendant's home was searched pursuant to a warrant, sheriff's deputies found defendant armed with a knife and wearing ballistic body armor across his torso, hiding in a storage space under the bed.  Within defendant's reach, the deputies found a rifle.

1

Defendant entered a no contest plea to first degree burglary (Pen. Code, § 459; count 1) and possession of a firearm by a convicted felon (Pen. Code, § 29800, subd. (a)(1); count 4) in exchange for dismissal of the remaining counts.[1]

The trial court sentenced defendant to state prison for an aggregate term of six years eight months, that is, the upper term of six years for the burglary offense and one-third the midterm, or eight months, for the possession offense.

Defendant appeals. His request for a certificate of probable cause (Pen. Code, § 1237.5) was denied.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We note an error that requires modification of the judgment. Defendant entered his plea to two counts (counts 1 and 4) in exchange for dismissal of the remaining counts. The remaining counts were never dismissed, only a pending misdemeanor case. Since the negotiated plea bargain was conditioned upon the dismissal of the remaining counts, defendant is entitled to his bargain. In the interests of judicial economy, we will order the remaining counts dismissed. Any party wishing to address this issue may petition for rehearing. (Gov. Code, § 68081.)[2]

---

[1] Codefendant Cynthia Lawranie Roth entered a no contest plea to first degree burglary and was granted probation. This appeal does not involve codefendant Roth.

[2] We also note that the plea form filed December 5, 2012, indicates in item No. 2.g. on page 2 that count 1 will be dismissed. This is obviously a clerical error, as defendant pleaded no contest to count 1.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is modified, dismissing the remaining counts of first degree burglary, count 2; receiving stolen property, count 3; unlawful possession of ammunition, count 5; and resisting arrest, a misdemeanor, count 7.[3]  As modified, the judgment is affirmed.


        RAYE        , P. J.


We concur:


     HULL     , J.


     MAURO     , J.

---

[3]  Count 6 charged codefendant Roth only.